FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

SEP 20 2000

2000 SEP 20 AM 9: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 00-0320** |
| **CHARLES C. FOTI., JR., ET AL.** | **SECTION: "N" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendation for disposition pursuant to Title **28 U.S.C. § 636(1)(B) and (C)**, and as applicable, **42 U.S.C. § 1983**.

### I.   Factual Summary

Kenneth Williams ("plaintiff") claims that on November 4, 1999, he was transferred from a facility managed by Sheriff Charles C. Foti, Jr. to the Avoyelles Bunkie Detention Center without his personal property. Two or three weeks later, Sergeant Cooper with the Avoyelles Detention Center attempted to find out what happened to Williams' property. He was advised that the property listed on Voucher number 9908515 item # C3093799 had been forwarded at the time Williams was transferred to the Avoyelles Detention Center.   On March 23, 2000, the plaintiff

DATE OF MAILING  SEP 21 2000

DATE OF ENTRY
SEP 21 2000

Fee_____
Process____
X  Dktd____
   CtRmDep__
          Doc.No._11_

filed suit against Charles C. Foti, Jr., S.I.D., J. Joia, G. Jackson, and M. Pierce, officers with the New Orleans Police Department, seeking monetary damages for the loss of his property.

On July 11, 2000, the undersigned Magistrate Judge issued a Minute Entry to the plaintiff, requesting that he provide the full names for defendants S.I.D., J.Joia, G. Jackson, and M. Pierce. The plaintiff was further notified that failure to comply with the Court's order would result in a recommendation that the claims against the defendants be dismissed for failure to prosecute. *See* Rec. doc. #8.

On July 20, 2000, the plaintiff filed a response to the Court's Minute Entry. However, he failed to comply with the Minute Entry by providing the full names of S.I.D., J. Joia, and M. Pierce. In addition, the plaintiff provided the name of Det. D. Wharton, who was not named in the original complaint. *See* Rec. doc. #9.

## II. Analysis

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Macias v. Raul A. (Unknown), Badge*

*No.* 153, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *see Booker*, 2 F.3d at 116.

### A.   Claim against Det. D. Wharton

In response to the Court's Minute Entry, Williams requested service on Det. D. Wharton. However, Det. D. Wharton was not named as a defendant in the original complaint.

To the extent that Williams, by providing Det. D. Wharton's name in response to the Court's Minute Entry, seeks to amend his complaint to include Wharton as a defendant, he has failed to allege factual allegations against him. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to state § 1983 claim against a defendant, the plaintiff must allege that a defendant "was personally involved in or had direct responsibility for incidents that" resulted in injury). The plaintiff's claim against Wharton should, therefore, be dismissed for failure to state a claim.

### B.   Claim against Sheriff Charles C. Foti, Jr.

The plaintiff also sued Sheriff Charles C. Foti, Jr., the Sheriff of Orleans Parish. He generally alleges that the Orleans Parish Prison, which was responsible for transferring his property, failed to do so. Although not specifically alleged, Sheriff Foti is responsible for the operation of the Orleans Parish Prison.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his

constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). The plaintiff has not alleged that Sheriff Foti was personally responsible for his property not being delivered to him, nor for any of the acts about which the plaintiff complains in this lawsuit.

"A supervisory official may be held liable under § 1983 for the wrongful acts of a subordinate when the supervisory official breaches a duty imposed by state or local law, and this breach causes the plaintiff's constitutional injury." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir.1976)). Although not specifically, alleged, even if the complaint is broadly construed, Sheriff Foti may only be held liable in his capacity as a supervisory official for his failure to train his employees, if:

> 1) the supervisor either failed to supervise or train the subordinate official;
>
> 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and,
>
> 3) the failure to train or supervise amounts to deliberate indifference. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Smith*, 158 F.3d at 911-12 (internal quotes and citations omitted). The plaintiff has not alleged that his failure to receive his personal property upon transfer to a different prison, resulted from Sheriff Foti's failure to train his employees.

Finally, "a supervisory official cannot be liable merely for failing to adopt policies to prevent constitutional violations; however, he can be held liable if he affirmatively adopts policies

which are wrongful or illegal." *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir.1981). The plaintiff has made no allegation that his constitutional rights were violated as a result of an illegal policy promulgated by Sheriff Foti. Therefore, it is the recommendation of this Court that the claim against Sheriff Charles Foti be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

### C. Claim against S.I.D., J. Joia, & M. Pierce

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Such a dismissal is considered an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

Although the plaintiff responded to the Court's Minute Entry, he failed to comply with the Court's order by providing the full names of defendants S.I.D., J. Joia, and M. Pierce. Therefore, his claims against S.I.D., J.Joia, and M. Pierce should be dismissed for failure to prosecute.

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that:

1. The claim of Kenneth Williams against the S.I.D., J. Joia, and M. Pierce be **DISMISSED WITH PREJUDICE for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.**

2. The claim of Kenneth Williams against Det. D. Wharton and Sheriff Charles C. Foti, Jr., be **DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).**

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Partial Report and Recommendation within **ten (10)**

**days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of Sept, 2000.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**