FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 27 AM 11: 28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 00-0320 |
| CHARLES C. FOTI, JR., ET AL | SECTION "N"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Summary

The plaintiff, Kenneth Williams ("Williams"), is incarcerated in the Franklin Parish Detention Center in Winnsboro, Louisiana. He filed this *pro se* and *in forma pauperis* complaint

DATE OF ENTRY
AUG 2 7 2001

DATE OF MAILING   AUG 2 7 2001

___Fee___
___Process___
X  Dktd
___CtRmDep___
Doc.No.___

against Orleans Parish Criminal Sheriff Charles C. Foti, Jr., S.I.D.[1], J. Joia, G. Jackson, and M. Pierce.[2]  Williams later added Det. D. Wharton as a defendant.[3]

Williams alleges that on November 4, 1999, he was transferred from the Orleans Parish Prison ("OPP") to the Avoyelles (Bunkie) Detention Center ("ABDC").  When he arrived at the new facility, he claims that his personal belongings were transferred from OPP with him.[4]

Williams further claims that he notified ABDC officials who made several calls to S.I.D. officers at OPP on at least three occasions, November 8, 1999, November 23, 1999, and December 1, 1999.  He alleges that the ABDC officials inquired about Williams' property for which he had a Voucher No. 9908515, Item No. C3093799.  Williams claims that the ABDC officials were told that all property was sent with Williams and that OPP was not holding any of his possessions.  Williams seeks the return of his property, $350 in damages, and $350 in punitive damages.

## II. Procedural Background

On July 11, 2000, the undersigned Magistrate Judge issued a Minute Entry to the plaintiff requesting that he provide the full names of the defendants identified as S.I.D., J. Joia, G. Jackson, and M. Pierce.  The plaintiff was further notified that the failure to comply with the

---

[1]S.I.D. is the Security Investigation Division at Orleans Parish Prison.

[2]Rec. Doc. No. 1.

[3]Rec. Doc. No. 9.

[4]Williams does not list or identify the property he alleges to have lost.

order would result in the recommendation that the claims against the defendants be dismissed for failure to prosecute.[5]

Williams responded to the order on July 20, 2000, and provided the full name of the defendant George Jackson.[6] However, he failed to provide the full names of the defendants identified as S.I.D., J. Joia, and M. Pierce. In addition, he added Det. D. Wharton, who was not named in the original complaint.

As a result, the Court issued a Partial Report and Recommendation on September 21, 2000, recommending the dismissal with prejudice of the defendants S.I.D., J. Joia, and M. Pierce for failure to prosecute and recommending the dismissal with prejudice of the claims against defendants Sheriff Foti and Det. D. Wharton for failure to state a claim for which relief can be granted.[7] On October 20, 2000, the District Judge adopted the Partial Report and Recommendation and ordered the dismissal of the defendants as recommended.[8]

In addition, on September 18, 2000, the Court ordered the clerk to issue summons and complaint to be served through the United States Marshal's Service on George Jackson.[9] Service was executed on Jackson on December 19, 2000.[10] Jackson has not responded to the complaint.

---

[5]Rec. Doc. No. 8.

[6]Rec. Doc. No. 9.

[7]Rec. Doc. No. 11.

[8]Rec. Doc. No. 12.

[9]Rec. Doc. No. 10.

[10]Rec. Doc. No. 15.

Pursuant to Title 42 U.S.C. § 1997e(g)(1), Jackson may waive the right to respond to Williams complaint and no relief shall be granted in favor of Williams unless a reply has been filed.[11] Upon review of the record, the Court finds that it is not necessary to require a reply from Jackson since Williams' claims are legally frivolous. *See* Title 42 U.S.C. § 1997e(g)(2).[12] The Court will now set forth the applicable standard of review.

### III. Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is

---

[11]Section 1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a compliant brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997(e)(g)

[12]*Id.*

4

frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## IV. Adequate State Remedy

In *Parratt v. Taylor*, 451 U.S. 527 (1981),[13] the United States Supreme Court recognized that the Due Process Clause of the Fourteenth Amendment protects an individual from the unlawful deprivation of life, liberty or property. The Court held, however, that the Due Process Clause is not violated when an official negligently deprives a person of property without benefit of a pre-deprivation hearing, as long as the state provides the person with a meaningful post-deprivation remedy. *Parratt*, 451 U.S. at 540-44. Therefore, where a deprivation occurs as a result of a negligent act, the existence of an adequate state post-deprivation remedy will satisfy Due Process and preclude a § 1983 action. *Id.*

---

[13]*overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *see also Arnaud v. Odom*, 870 F.2d 304, 308 (5th Cir.), *cert. denied, sub nom*, 493 U.S. 855 (1989).

The Supreme Court reasoned in *Parratt* that where a property loss is caused by a random and unauthorized act of an official, rather than by standard state procedure, the state cannot predict when such a loss will occur. The Court further observed:

> It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

*Parratt*, 451 U.S. at 541.

In *Hudson v. Palmer*, 468 U.S. 517 (1984), the issue facing the Supreme Court was "whether [its] decision in *Parratt v. Taylor* should extend . . . to intentional deprivations of property by state employees acting under color of state law." *Hudson*, 468 U.S. at 531 [footnote omitted]. The Supreme Court answered this question in the affirmative, reasoning as follows:

> The underlying rationale of Parratt is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur. We can discern no logical distinction between negligent and intentional deprivations of property insofar as the 'practicability' of affording predeprivation process is concerned. The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct. Arguably, intentional acts are even more difficult to anticipate because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signaling his intent.

*Hudson*, 468 U.S. at 533.

The reasoning set forth in *Parratt* and *Hudson* is applicable in the instant case. Williams alleges that, for some unknown reason, he has suffered the loss of personal property which was not transported from OPP to ABDC when he was. Williams does not allege that this type of deprivation was the result of a standard practice. Instead, Williams' allegations present a clear

6

example of random and unpredictable action as is addressed in *Parratt* and *Hudson*. *See also Copsey v. Swearingen*, 36 F.3d 1336, 1342 (5th Cir. 1994); *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984). Under the circumstances alleged, it was not practicable for the State to provide Williams with a pre-deprivation hearing before the unexplained loss of his property.

Further, state tort law provides an adequate post-deprivation remedy for Williams to pursue. Pursuant to La. Civ. Code Art. 2315, et seq., the plaintiff has the right to sue any person who he believes has caused him damage as a result of the loss of his property.[14] This is an adequate state post-deprivation remedy which prevents Williams from pursuing his claims under § 1983. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (La. Civ. Code Art. 2315 is adequate state remedy to redress loss of prisoner's property); *Harrell v. Matthews*, 1994 WL 449451 at *1 (E.D. La. Aug. 16, 1994) (same). The plaintiff therefore has no legal basis for seeking relief under § 1983 and his claim should be dismissed as frivolous.

## V.   Recommendation

It is therefore **RECOMMENDED** that Kenneth Williams' complaint pursuant to Title 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2) and § 1915A(b) and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[14] La. Civ. Code Art. 2315 provides in relevant part that "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of August, 2001.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE
